IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800<br>Washington, D.C. 20024,<br><br>        Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH<br>& HUMAN SERVICES,<br>200 Independence Avenue, SW<br>Washington, D.C. 20201,<br><br>        Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Health and Human Services to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, D.C. 20024. Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. As part of its mission, Plaintiff

regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Health and Human Services is an agency of the U.S. Government and is headquartered at 200 Independence Avenue SW, Washington, D.C. 20201. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On August 10, 2015, Plaintiff submitted a FOIA request to Defendant's FOIA Services Office (the "HHS Request"), by certified mail, seeking access to the following:

> Any and all records concerning, regarding, or related to contracts and/or consultancy agreement between the HHS Office of Population Affairs and Dr. Deborah Nucatola regarding her work on the 2014 report "Providing Quality Family Planning Services."

The timeframe for this request is January 1, 2010 to May 1, 2014

6. Also on August 10, 2015, Plaintiff submitted a FOIA request to the Centers for Disease Control and Prevention (the "CDC Request"), a component of Defendant, by certified mail, seeking access to the following:

> i. Any and all records concerning, regarding, or related to contracts and/or consultancy agreement between the CDC and Dr. Deborah Nucatola regarding her work on the report "Providing Quality Family Planning Services," released April 25, 2014;
>
> ii. Any and all records concerning, regarding, or related to contracts and/or consultancy agreement between the CDC and Dr. Deborah Nucatola regarding her work on the report "Sexually Transmitted Diseases Treatment Guidelines," released June 5, 2015;
>
> iii. Any and all records concerning, regarding, or related to contracts and/or consultancy agreement between the CDC and Dr. Deborah Nucatola regarding her work on the "U.S.

      Selected Practice Recommendations for Contraceptive Use"
      released in 2013;

  iv. Any and all records concerning, regarding, or related to contracts and/or consultancy agreement between the CDC and Dr. Deborah Nucatola regarding her work on the updated guidelines for contraception for HIV-infected women released in 2012; and

  v. Any and all records concerning, regarding, or related to contracts and/or consultancy agreement between the CDC and Dr. Deborah Nucatola regarding her work on the updated guidelines for contraception for post-partum women released in 2011.

6. According to U.S. Postal Service records, the CDC Request was received on August 14, 2015.

7. By letter dated August 19, 2015, Defendant acknowledged receiving the HHS Request on August 19, 2015 and notified Plaintiff that the request had been assigned File No. 2015-0956-FOIA-OS.

8. By letter dated August 27, 2015, Defendant acknowledged receipt of the CDC Request, but did not confirm the date that the request had been received. The August 27, 2015 letter also notified Plaintiff that the CDC Request had been assigned Request No. 15-00923-FOIA.

9. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine whether to comply with Plaintiff's requests within twenty (20) working days and notify Plaintiff immediately of its determinations, the reasons therefor, and the right to appeal any adverse determination. Defendant's determinations and notifications to Plaintiff were due no later than September 18, 2015.

10. As of the date of this complaint, Defendant has failed to: (i) determine whether to comply with the requests; (ii) notify Plaintiff of any such determinations or the reasons therefor;

(iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

11. Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

12. Plaintiff realleges paragraphs 1 through 11 as if fully stated herein.

13. Defendant is unlawfully withholding records requested by Plaintiff under FOIA.

14. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiff's FOIA requests, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated  October 16, 2015                    Respectfully submitted,

/s/ Paul J. Orfanedes
Paul J. Orfanedes
DC Bar No. 429716
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC   20024
Tel:    (202) 646-5172
porfanedes@judicialwatch.org

*Counsel for Plaintiff*